J-S68009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUSTIN RAYMOND ANDREJCO-JONES, | |
| Appellant | No. 1491 WDA 2015 |

Appeal from the Judgment of Sentence August 25, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013855-2010

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED NOVEMBER 7, 2016**

Appellant, Dustin Raymond Andrejco-Jones, appeals from the judgment of sentence entered on August 25, 2015, following revocation of his probation. We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On March 1, 2011, [Appellant] was convicted of Firearms Not to be Carried without a License and Possession of a Controlled Substance. [The trial court] sentenced him to a mitigated range sentence of six (6) to twelve (12) months incarceration with two concurrent periods of three (3) years of probation consecutive to incarceration. On October 13, 2014, [the trial court] found Appellant to have violated his probation due to technical violations. [The trial court] took no action regarding the technical violations at that time. However, on July

_____

[*] Retired Senior Judge assigned to the Superior Court.

29, 2015, [the trial court] again found Appellant to have violated probation based on his conviction at CC# 201403120 for three (3) counts of Robbery, one (1) count of Burglary, and one (1) count of Aggravated Assault. Appellant's probation was revoked and [the trial court] resentenced Appellant to 24 to 48 months incarceration consecutive to the Robbery, Burglary, and Aggravated Assault sentence. [The trial court] denied Appellant's Motion to Reconsider Sentence on September 1, 2015. Appellant filed a Notice of Appeal on September 24, 2015 and a Statement of Errors Complained of on Appeal on October 15, 2015.

Trial Court Opinion, 1/15/16, at 1-2. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issue for our review:

I. Whether [Appellant's] revocation sentence of 24-48 months incarceration was unreasonable and excessive when the trial court imposed it consecutively to any other sentence he was serving, coupled with the fact the trial court failed to consider his rehabilitative needs and other mitigating evidence?

Appellant's Brief at 4.

Appellant's issue challenges the discretionary aspects of his sentence.[1] We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for

---

[1] In *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*), this Court held that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." Thus, there is no impediment to our review.

allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenges in a post-sentence

motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). In his Pa.R.A.P. 2119(f) statement, Appellant argues that the trial court's imposition of "his revocation sentence consecutively to all other sentences he was serving, coupled with the fact that the trial court failed to consider his rehabilitative needs and other mitigating evidence, was excessive." Appellant's Brief at 14. This Court has held that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider the defendant's rehabilitative needs upon fashioning its sentence, presents a substantial question. *Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016). Because Appellant has presented a substantial question, we proceed with our analysis.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by

an error in judgment. *Id.* Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.*

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). Additionally, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); *Fish*, 752 A.2d at 923.

Because sentencing guidelines do not apply to sentences imposed following a revocation of probation, we are guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to apply in

sentencing a defendant. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

***Id.*** Guided by these standards, we must determine whether the court abused its discretion by imposing a "manifestly excessive" sentence that constitutes "too severe a punishment." ***Id.*** Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Moury***, 992 A.2d at 171.

It is undisputed that Appellant was convicted of other crimes while serving his probationary sentence. As a result, the trial court had authority to resentence him to total confinement pursuant to 42 Pa.C.S. § 9771. Additionally, the court had authority to impose any sentence that was available to it at Appellant's original sentencing.

The trial court carefully and thoroughly considered Appellant's situation in resentencing him. The following exchange reflects the court's reasoning:

The court:         I told you not to come back [when sentenced on first conviction]. I told you I gave you a free pass on the first convicted violation, but if you came back, I also told you I would give you a sentence for state time. Didn't I?

[Appellant]:      I understand that. But Your Honor, I'm just asking, if you give me some state time, could you run it concurrent with the sentence that I already got, if you can, please?

The court:         Well, that wouldn't be any sort of punishment at all. That would be another free pass.

* * *

The court:         Well, on the violation case, 201013855, for the reasons that were already stated – he already had one free pass, this is a felony 3 gun case, he is on probation with two other judges, and was convicted of a second felony case before me. I will revoke his probation and impose a standard range sentence of 24 to 48 months. That will be consecutive to his current sentence. Nor further penalty will be imposed.

* * *

[Appellant]:      There ain't no way I can get it concurrent to?

* * *

The court:         I would like to point out to you that I have already given you a significant break on this case with your original sentence and with taking no action on your first convicted violation. So your sentence here represents your second violation, convicted violations of a felony 3 gun case.

                  This is a standard range sentence. Even though the guidelines do not apply in the sentencing, it's a fair sentence, it's in the standard range of the guidelines, and I think it's appropriate under these facts. So I am running it consecutive.

And these are your decisions that continue to put you in this situation away from your family, not mine.

N.T., 8/25/15, at 6-10.

As is clear from the transcript, the trial court had acted previously with considerable leniency in sentencing Appellant originally and in taking no action on Appellant's first probation violation. After Appellant's second probation violation, Appellant was given a sentence of only twenty-four to forty-eight months of incarceration. This sentence was below statutory limits and was a sentence the trial court could have imposed when Appellant was originally sentenced. **See** 18 Pa.C.S. § 1103(3) (a person who has been convicted of a felony of the third degree may be sentenced to imprisonment "for a term which shall be fixed by the court at not more than seven years.").[2] Moreover, we cannot agree with Appellant's contention that

_____

[2] As noted, Appellant's original sentence was a split sentence that included six to twelve months of incarceration. The probation-revocation court awarded Appellant credit for the seven months of time served, crediting it to the sentence imposed on Appellant's recent convictions. N.T., 8/25/15, at 7-8.

[W]here probation is revoked on a split sentence, as in the case *sub judice*, a defendant is not entitled to credit for time spent on probation. Nor is a defendant automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum.

*(Footnote Continued Next Page)*

- 8 -

imposition of this sentence consecutively to his sentence for the subsequent convictions resulted in a manifestly excessive sentence. As the trial court noted, to impose the sentence concurrently would have had no punitive effect.

Moreover, the trial court had the benefit of a PSI. Thus, we can assume the sentencing court was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. *Moury*, 992 A.2d at 171; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case."). Accordingly, Appellant's argument that the trial court failed to consider mitigating evidence, specifically his need for rehabilitation, fails. *See Moury*, 992 A.2d at 171; *Fowler*, 893 A.2d at 766.

Judgment of sentence affirmed.

_____

*(Footnote Continued)* ⸺⸺⸺⸺⸺

*Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa. Super. 2010) (internal citations omitted). Thus, the sentence imposed following revocation of Appellant's probation did not exceed the statutory maximum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2016